Supreme Court—Coirin v. Gaul.

FERDINAND COIRIN AND RYAN E. WISEMAN, PLAIN-
TIFFS, v. ANDREW GAUL, JR., DEFENDANT.

Decided October 19, 1925.

**Negligence—Alleged Improper Care in Installing. Gas Fixtures,
Causing Leakage Which Became Ignited, Causing Destruc-
tion of Building—Evidence in Dispute Properly Admitted—
Verdict Not Against Weight of Evidence.**

On rule for new trial.

Before Gummere, Chief Justice, and Justices Kalisch and Campbell.

For the plaintiffs, *Vanderbilt & Hedden.*

For the defendant, *Morrison, Lloyd & Morrison.*

Per Curiam.

This is an action to recover damages for the value of a dwelling-house destroyed by fire, resulting from an explosion of illuminating gas.

Defendant was installing electric wiring, and his employes had removed gas fixtures during their work and had rehung them or had attempt so to do at the end of the day's work.

The controversy goes entirely to a northeast bedroom on the second floor in which certain household effects were stored.

The contention of the defendant is that the fixture in the room was rehung and tested for leaks. Upon the occupants

of the house retiring for the night and smelling gas the husband secured a lighted lantern to make an investigation. On entering the room above referred to he was overcome by the gas, and an explosion took place, resulting in a fire that completely consumed the building. The plaintiff has a verdict and judgment, and the defendant has this rule to show cause for a new trial, urging three reasons for reversal:

1. That the piece of gas pipe (*Exhibit P 1*) should not have been admitted in evidence.

This was identified by one Gardner, who three days after the fire made an examination of the premises and was able to trace the entire gas system and found it intact, and all fixtures attached, except the outlet of the northeast bedroom, to which no fixture was attached, and *Exhibit P 1* was the outlet for that room.

We think it was properly admitted; its probative value being for the jury to determine.

2. That plaintiff should have been nonsuited.

This was reserved as a ground of appeal in the rule to show cause, and we are not required to consider it, and therefore have not done so. *Faragasso* v. *Introcaso*, 98 *N. J. L.* 583.

3. That the verdict is against the weight of the evidence.

We do not find this to be so.

The rule to show cause is therefore discharged, with costs.